Richard CORTES, Plaintiff,

v.

MAKO SECURITY, INC. d/b/a The Mako Group, Sharon Sandler, Addy Sandler, and Shay Gandoff, Defendants.

CV 15–2819

United States District Court, E.D. New York.

Signed May 30, 2017

NEIL H. GREENBERG & ASSOCIATES, P.C., BY: Justin Reilly, Esq., 4242 Merrick Road, Massapequa, New York 11758, Attorneys for Plaintiff.

GORDON & GORDON, P.C., BY: Supriya Kichloo, Esq., 108–18 Queens Boulevard, 6th Floor, Forest Hills, New York 11375, Attorneys for Defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge:

Before the Court is Defendants' motion to dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction. Plaintiff opposes the motion. For the following reasons, Defendants' motion is denied.

## BACKGROUND

Plaintiff, Richard Cortes ("Cortes" or "Plaintiff"), commenced this action on May 15, 2015, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law, alleging that Defendants failed to pay him overtime wages for hours worked in excess of forty per week, as required by those statutes. Prior to filing their Answer, Defendants made an offer of judgment to Plaintiff, pursuant to Rule 68 of the Federal Rules of Civil Procedure, in the amount of $6,176.58, which included actual damages and liquidated damages. The offer of judgment also proposed to pay Plaintiff's reasonable attorney's fees, expenses and costs. The offer specified that Plaintiff had thirty days to accept or reject it. Plaintiff neither accepted or rejected the offer, allowing it to lapse, and the action proceeded to discovery.

Discovery having been completed, Defendants now move to dismiss Plaintiff's Complaint, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, on the grounds that the Court lacks subject matter jurisdiction over this action. According to Plaintiffs, because the offer of judgment made to Plaintiff exceeded the maximum relief that Plaintiff is entitled to under the FLSA, Plaintiff's FLSA claim is now moot and the Court should dismiss it for lack of subject matter jurisdiction. Defendants further request that the Court decline supplemental jurisdiction over Plaintiff's New York Labor Law claim. Plaintiff opposes Defendants' motion.

## DISCUSSION

Pursuant to Rule 68, "[a]t least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). "If, within 14 days of a party's offer, the offeree accepts, 'the clerk must ... enter judgment.' " Tanasi v. New Alliance Bank, 786 F.3d 195, 198 (2d Cir. 2015) (quoting Fed. R. Civ. P. 68(a)), cert. denied, —— U.S. ——, 136 S.Ct. 979, 194 L.Ed.2d 3 (2016). If the offeree does not accept the offer of judgment, it is "considered withdrawn." Fed. R. Civ. P. 68(b). "The purpose of Rule 68 ... is 'to encourage settlement and avoid litigation.' " Tanasi, 786 F.3d at 198 (quoting Marek v. Chesny, 473 U.S. 1, 5, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985)).

For many years, there has been great uncertainty among the various circuits as to "whether a Rule 68 offer of complete relief to an individual renders his case moot for purposes of Article III, regardless of whether judgment is entered against the defendant." Tanasi, 786 F.3d at

199 (discussing circuit split regarding this issue). While the Third, Fourth, Seventh, Tenth and Federal Circuits all concluded that it does—the approach Defendants would have this Court adopt—the Ninth and Eleventh Circuits reached the opposite conclusion. See id.

However, in Campbell–Ewald Company v. Gomez, —— U.S. ——, 136 S.Ct. 663, 193 L.Ed.2d 571 (2016)—a case which both parties appear to have overlooked—the Supreme Court definitively resolved the "disagreement among the Courts of Appeal over whether an unaccepted offer can moot a plaintiff's claim, thereby depriving federal courts of Article III jurisdiction." Id. at 670. According to the Supreme Court, "[u]nder basic principles of contract law, [a] settlement bid and Rule 68 offer of judgment, once rejected, ha[s] no continuing efficacy." Id. (citing Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 133 S.Ct. 1523, 185 L.Ed.2d 636 (2013) (Kagan, J., dissenting)). Rather, absent acceptance, the Rule 68 offer "remain[s] only a proposal, binding neither [Plaintiff] or [Defendants]." Campbell–Ewald, 136 S.Ct. at 670. Once Plaintiff rejected Defendants' offer of judgment, Plaintiff "gained no entitlement to the relief [Defendants] previously offered." Id. "In short, with no settlement offer still operative, the parties remain[ ] adverse; both retain[ ] the same stake in the litigation they had at the outset." Id.

 Under the Supreme Court's very clear and definitive holding in Campbell–Ewald, "an unaccepted settlement offer or offer of judgment does not moot a plaintiff's case." Id. at 672. Accordingly, the Court still retains jurisdiction to adjudicate Plaintiff's Complaint. See id. For this reason, Defendants' motion to dismiss for lack of jurisdiction, pursuant to Rule 12(b)(1), is denied in its entirety.

A pre-trial conference will be held on June 21, 2017 at 11:00 a.m. in Courtroom 940, Alfonse M. D'Amato U.S. Courthouse, Central Islip, New York. All counsel shall appear.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, is denied in its entirety. A pre-trial conference will be held on June 21, 2017 at 11:00 a.m. in Courtroom 940, Alfonse M. D'Amato U.S. Courthouse, Central Islip, New York. All counsel shall appear.

**SO ORDERED:**